IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN WHITE, # 35418-044,

       Petitioner,

  vs.

WARDEN, UNITED STATES
PENITENTIARY-MARION,

       Respondent.       Case No. 13-cv-241-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    This matter is before the Court for preliminary review of petitioner Shawn White's motion for "relief pursuant to F.R. Civ. P. Rule 60(b)(6), 28 U.S.C. § 1651, 42 U.S.C. § 2000a-6, and 42 U.S.C. § 2000dd" (Doc. 1). In his motion, petitioner challenges the computation of his sentence by the Bureau of Prisons. Petitioner originally filed the motion in his criminal case in the Eastern District of Missouri (Case No. 09-cr-192-CDP) on February 25, 2013. Upon review, that district court construed the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and opened a civil case (Case No. 13-cv-441-CDP) in order to address petitioner's claims (Doc. 2). On March 8, 2013, the Eastern District of Missouri transferred the action to this Court, because petitioner is confined at the United States Penitentiary in Marion, within the Southern District of Illinois (Doc. 3).

    According to his pleading, the Bureau of Prisons has informed petitioner that he must serve a total of 113 months. However, he was sentenced to only 100

months in *United States v. White*, E.D. Missouri Case No. 09-cr-192-CDP, and the court ordered that sentence to be served concurrently to a 51 month sentence imposed in a previous criminal case, *United States v. White*, E.D. Missouri Case No. 08-cr-369-CEJ. Further, petitioner asserts that he had been in custody for 13 months prior to the disposition of his second case, and was not properly given credit for that time served. He seeks an order crediting him for the 13 months of detention prior to sentencing, such that his total time in prison will be 100 months.

## Filing Fee

When this matter was docketed as a civil case in the Eastern District of Missouri, it appears that no filing fee was assessed. In a federal habeas corpus action, the filing fee is $5.00. 28 U.S.C. § 1914(a). Therefore, petitioner is **ORDERED** to either pay the full filing fee of $5.00 for this action or file a motion and affidavit for leave to proceed in forma pauperis (IFP), **no later than April 18, 2013.** Should petitioner fail to comply, this action shall be subject to dismissal.

The Clerk is **DIRECTED** to mail petitioner a blank form motion for leave to proceed IFP.

## Respondent

Petitioner has named the United States of America as the respondent in this action, an understandable designation given that he originally filed the instant pleading in his criminal case. However, in a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the

prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

Accordingly, the Clerk is **DIRECTED** to terminate the United States of America as the respondent in this action, and add the Warden, United States Penitentiary-Marion as the respondent. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

In any future documents filed in this case, petitioner shall identify the Warden by his proper name.

<u>**Disposition**</u>

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 2nd day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.02 16:12:36 -05'00'

**Chief Judge**
**United States District Court**