IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 13-cv-241-CJP[1] |
| | ) |
| WARDEN, UNITED STATES | ) |
| PENITENTIARY-MARION, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner Shawn White is an inmate in the BOP. He filed a motion in his closed criminal case in the Eastern District of Missouri challenging the BOP's calculation of his sentence. The Eastern District of Missouri construed the motion as a petition for habeas relief pursuant to 28 U.S.C. §2241, and transferred the case to this District. See, Doc. 3.

White is serving two federal sentences. He was convicted of being a felon in possession of a firearm and sentenced to 51 months imprisonment on April 7, 2009. While serving that sentence, on June 4, 2010, he was sentenced in another case (conspiracy to distribute and possession with intent to distribute cocaine) to 100 months imprisonment, to be served concurrently with the remainder of his sentence on the felon in possession conviction. See, Doc. 12, pp. 1-2.

Petitioner contends that the BOP has miscalculated his sentence by not giving him credit on his 100 month sentence for the 13 months he spent in custody prior to the

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 17.

imposition of that sentence. The sentence calculation sheet furnished to petitioner indicates that he will be required to serve an aggregate sentence of 113 months. In effect, he is arguing that both his sentences should run from the date of the imposition of the first sentence.

Respondent argues that the petition must be dismissed because White failed to exhaust administrative remedies.

## Analysis

The Attorney General, acting through the Bureau of Prisons, calculates the sentence "as an administrative matter when imprisoning the defendant." **United States v. Wilson, 112 S.Ct. 1351, 1355 (1992)**. The calculation, i.e., the execution, of the sentence can be challenged in a §2241 petition. However, before the Court can consider such a claim, petitioner must exhaust administrative remedies.

The Seventh Circuit has squarely held that a claim concerning the computation of a sentence can be considered a petition for habeas relief only after administrative remedies have been exhausted. *Clemente v. Allen*, **120 F.3d 703, 705 (7th Cir. 1997)**.

The Bureau of Prisons has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The Program is described in detail in the Response to the Petition, Doc. 12, p. 6.

Respondent has filed a document indicating that White has not filed any administrative remedies. See, Doc. 12, Ex. 10. Petitioner does not dispute that fact. See, Petitioner's Traverse, Doc. 13.

It is true that the exhaustion requirement for a §2241 case is not created by statute, and is not jurisdictional. Nonetheless, the Seventh Circuit has clearly stated that exhaustion is required in cases such as this. *Jackson v. Carlson*, **707 F.2d 943, 949 (7th Cir. 1983).**

The Seventh Circuit has recognized that, where exhaustion is not statutorily mandated, there can be exceptions to the requirement, but "sound judicial discretion governs." *Gonzalez v. O'Connell*, **355 F.3d 1010, 1016 (7th Cir. 2004)**. The Seventh Circuit noted that the Supreme Court has identified two purposes for the exhaustion requirement, i.e., protection of the agency's authority, and promotion of judicial economy. *Id.*, **at 1017**. The determination of the starting date of petitioner's sentence is the type of issue that is within the expertise of the Bureau of Prisons. It may well be that the BOP will agree with petitioner's position when the issue is brought to its attention by the filing of an administrative remedy. Sound judicial discretion requires that the BOP be given the opportunity to address the issue within the framework of the administrative grievance process before the issue is considered by this Court.

## Conclusion

Shawn White's petition for habeas relief under 28 U.S.C. §2241 **(Doc. 1)** is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: December 16, 2013.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**